Affirmed and Memorandum Opinion filed April 8, 2004









Affirmed and Memorandum Opinion filed April 8, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00586-CR

____________

 

DONTRELL
ENELL JOHNSON, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

 



 

On Appeal from the 208th District Court

Harris
County, Texas

Trial Court Cause No. 909,063

 



 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant of the offense of aggravated
robbery and assessed punishment at confinement for nineteen years in the
Institutional Division of the Texas Department of Criminal Justice.  On May 5, 2003, the trial court sentenced
appellant in accordance with the jury=s verdict.  Appellant filed a timely written notice of
appeal.








Appellant=s appointed counsel filed a brief in which she concludes the
appeal is wholly frivolous and without merit. 
The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S.Ct. 1396 (1967), presenting a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced.  See High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978).

A copy of counsel=s brief was delivered to
appellant.  Appellant was advised of the
right to examine the appellate record and file a pro se response.  See Stafford v. State, 813 S.W.2d 503,
510 (Tex. Crim. App. 1991).  The record
was provided to appellant.  Appellant has
filed a response to counsel=s Anders brief in which he generally challenges the
sufficiency of the evidence supporting his conviction and the seating of an
alternate juror.

We agree with counsel=s conclusion that the record contains
sufficient evidence to support appellant=s conviction.  The State=s witnesses testified to each element
of the offense.  Appellant presented an
alibi defense and presented several witnesses. 
The jury is the sole judge of the credibility of the witnesses and the
weight given to their testimony.  Westbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  It is the jury=s exclusive province to reconcile
conflicts in the evidence.  Id.  The proof of guilt in this case was not so
weak that it undermined confidence in the jury=s rejection of appellant=s alibi defense.  See id.  The verdict is not Aso contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust.@ 
See Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996).  

During trial, it was discovered that a juror had conducted
internet research about some of the legal terms used at trial.  At defense counsel=s request and over objection by the
State, the juror was excused and an alternate seated.  Because the juror was excused at appellant=s request, no reversible error is
presented.  See Prystash v. State,
3 S.W.3d 522, 531 (Tex. Crim. App. 1999) (holding party requesting ruling is
precluded from claiming error requiring reversal resulted from ruling).  In addition, there is no evidence that the
alternate juror changed or affected the verdict.  








We have carefully reviewed the record, counsel=s brief, and appellant=s response, and agree the appeal is
wholly frivolous and without merit. We find no reversible error in the
record.  Further discussion of the brief
or appellant=s response would add nothing to the
jurisprudence of the state.

Accordingly, the judgment of the trial court is affirmed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed April 8, 2004.

Panel consists of Chief Justice
Hedges and Justices Frost and Guzman.  

Do Not Publish C Tex. R. App. P. 47.2(b).